RICHCO PLASTIC COMPANY, Plaintiff-Appellee, v. IMS COMPANY, Defendant-Appellant.

First District (5th Division)   No. 1—96—4265

Opinion filed May 23, 1997.

Cohon, Raizes & Regal, of Chicago (Carrie A. Dolan, of counsel), for appellant.

Schoenberg, Fisher, Newman & Rosenberg, of Chicago (Mark Schoenfield, Herbert Rosenberg, and Henry Hauser, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The defendant, IMS Company (IMS), appeals from an order of the circuit court striking its affirmative defenses in this breach of contract action and entering judgment on the pleadings in favor of the plaintiff, Richco Plastic Co. (Richco). For the reasons that follow, we affirm the order striking the defendant's affirmative defenses, reverse the judgment on the pleadings entered in favor of the plaintiff, and remand this action to the circuit court for further proceedings.

The admitted allegations in the plaintiff's complaint reveal that the plaintiff purchased certain items of equipment from the defendant in January 1994. After the transaction, a dispute arose between the parties involving the items purchased. The plaintiff contends that the parties entered into a settlement agreement pursuant to which the defendant agreed to pay $11,000 to the plaintiff in return for a release of the defendant and Hurricane Pneumatic Conveying Systems, Inc., from any and all liability relating to the malfunction of the equipment purchased by the plaintiff. The plaintiff forwarded an executed release to the defendant on November 21, 1994. On December 3, 1994, the defendant forwarded a check to the plaintiff's counsel in the sum of $11,000 payable to the plaintiff. On December 13, 1994, however, the defendant stopped payment on its check, and this litigation followed.

The plaintiff filed its complaint alleging, *inter alia*, that it accepted the defendant's offer of settlement, executed and delivered its release, but the defendant refused to pay the agreed sum of $11,000. The defendant answered the plaintiff's complaint, admitting some of its allegations and denying others. Additionally, the defendant raised five affirmative defenses, namely: "No Meeting of the Minds," "Mutual Mistake," "Unilateral Mistake," "Agreement to Rescind," and "No Agency." Thereafter, the plaintiff filed a motion pursuant to section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 1994)), seeking both an order striking the defendant's affirmative defenses and judgment on the pleadings. The circuit court granted the plaintiff's motion, struck the defendant's affirmative defenses and entered a judgment in favor of the plaintiff for $11,000, plus interest and costs. The parties have stipulated that the court also denied the defendant's oral motion to file amended affirmative defenses. This appeal followed.

First, we address the propriety of the trial court's order striking the defendant's affirmative defenses. In this case, the defendant's five affirmative defenses are based upon certain core facts presumptively common to all. The defendant pled that the plaintiff's attorney contacted the defendant by telephone to negotiate a full settlement of the plaintiff's claim and represented that he was acting on behalf of the plaintiff. The defendant admits that it received a release document and forwarded a check for $11,000 to the plaintiff's attorney. The defendant goes on to claim, however, that after it forwarded its check, the "[d]efendant telephoned [p]laintiff directly in order to confirm the terms of the proposed settlement and the ongoing business relationship of the parties." During that conversation, according to the defendant, "both parties expressed dissatisfaction with the settlement proposed by the plaintiff's attorney and the fact that it did not reflect the parties' intentions." The defendant also alleged that the "[p]laintiff agreed to return [d]efendant's check for $11,000 upon its receipt, and the [d]efendant agreed to return [p]laintiff's release so that the parties could negotiate a mutually agreeable settlement." On the strength of these allegations, the defendant concluded that (1) there was no meeting of the minds as to the terms of the parties' settlement; (2) a mutual mistake of fact existed as to the other party's intentions; (3) the defendant operated under a unilateral mistake in believing that the terms of the settlement reflected the plaintiff's intentions; (4) the parties mutually agreed to rescind the settlement agreement; and (5) the plaintiff's attorney was without authority to consummate the terms of the settlement. Strikingly absent from the defendant's affirmative defenses are any allegations as to (1) the terms of the parties' settlement as the defendant understood them, (2) who on behalf of these two corporations agreed to rescind their settlement agreement, and (3) why the plaintiff's attorney lacked the authority to negotiate a settlement on behalf of his client in the face of a release that was executed by the president of the plaintiff corporation.

■ Unlike some jurisdictions that permit notice pleading, Illinois is a fact-pleading jurisdiction. *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 426-27, 430 N.E.2d 976 (1981). In order to set forth a good and sufficient claim or defense, a pleading must allege ultimate facts sufficient to satisfy each element of the cause of action or affirmative defense pled. As to the pleading of affirmative defenses, section 2—613(d) of the Code specifically provides that "[t]he *facts* constituting any affirmative defense *** must be plainly set forth in the [defendant's] answer." (Emphasis added.) 735 ILCS 5/2—613(d) (West 1994). In determining the sufficiency of any claim or defense, the

court will disregard any conclusions of fact or law that are not supported by allegations of specific fact. *Knox,* 88 Ill. 2d at 426; *Curtis v. Birch,* 114 Ill. App. 3d 127, 448 N.E.2d 591 (1983).

Relying upon the provisions of sections 2—603(c) and 2—612(b) of the Code (735 ILCS 5/2—603(c), 2—612(b) (West 1994)), the defendant claims that its affirmative defenses must be liberally construed and argues that they contain sufficient information to advise the plaintiff of its defenses to this action. The defendant's argument in this regard is virtually identical to the argument that was made to and rejected by our supreme court in *Knox.* See *Knox,* 88 Ill. 2d at 423-27.

■ As the defendant correctly points out, we review *de novo* any order of the circuit court striking a pleading as being substantially insufficient. *Metrick v. Chatz,* 266 Ill. App. 3d 649, 651-52, 639 N.E.2d 198 (1994). We have examined the defendant's affirmative defenses in this action and find them wholly conclusory and devoid of any factual allegations sufficient to support the conclusions stated therein with regard to a lack of a meeting of the minds, mutual mistake, unilateral mistake, agreement to rescind, or lack of authority on the part of the plaintiff's counsel. Consequently, we affirm the trial court's order striking the defendant's affirmative defenses.

■ The defendant also argues that the trial court abused its discretion in denying its oral motion for leave to amend its affirmative defenses. While leave to amend pleadings is liberally granted in this state, the right to amend is not absolute. *Lee v. Chicago Transit Authority,* 152 Ill. 2d 432, 467, 605 N.E.2d 493 (1992). One of the factors to be considered in determining whether a party should be granted leave to amend is whether the proposed amendment would cure the defect in the pleading. *Lee,* 152 Ill. 2d at 467. The question of whether leave to amend should be granted in any particular case is a matter committed to the sound discretion of the trial court, whose ruling will not be disturbed absent an abuse of that discretion. *Lee,* 152 Ill. 2d at 467.

The record before us contains neither proposed amended affirmative defenses, nor a transcript of the proceedings before the trial court at the time it denied the defendant's oral motion to amend. We are, therefore, unable to review the trial court's denial of leave to amend, as we have no basis upon which to determine if the defendant was capable of alleging facts sufficient to support its claimed defenses. The burden rests upon the appellant to provide a sufficient record to support a claim of error. *Landau & Associates, P.C. v. Kennedy,* 262 Ill. App. 3d 89, 92, 634 N.E.2d 373 (1994). In the absence of a record sufficient to permit us to address this issue, we must presume that the trial court properly exercised its discretion in deny-

ing the defendant's oral motion to amend. See *Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.*, 275 Ill. App. 3d 452, 460-61, 654 N.E.2d 1109 (1995).

■ Finally, we address the trial court's entry of judgment on the pleadings in favor of the plaintiff. When a party moves for judgment on the pleadings pursuant to section 2—615(e) of the Code (735 ILCS 5/2—615(e) (West 1994)), it concedes the truth of the well-pled facts in the respondent's pleadings (see *Cunningham v. MacNeal Memorial Hospital*, 47 Ill. 2d 443, 266 N.E.2d 897 (1970)), all fair inferences that may be drawn from the pleadings in favor of the respondent (*Rhodes v. Rhodes*, 82 Ill. App. 2d 435, 225 N.E.2d 802 (1967)), and, for the purpose of the motion, that the allegations in its own pleadings are false insofar as they have been contradicted by the respondent in its pleadings. Judgment on the pleadings is only appropriate when an examination of the pleadings discloses the absence of any material issue of fact and the rights of the parties can be declared as a matter of law. *TDC Development Corp. v. First Federal Savings & Loan Ass'n*, 204 Ill. App. 3d 170, 561 N.E.2d 1142 (1990).

■ In this case, the plaintiff alleged that it "accepted an offer of settlement *** from [the defendant] IMS in the amount of $11,000 in return for *** [its] release of IMS and Hurricane Pneumatic Conveying Systems, Inc.," and attached a copy of a letter sent by the plaintiff's counsel to the defendant as an exhibit to its complaint. In its answer, the defendant admitted only that the plaintiff's counsel sent the subject correspondence but denied the remainder of the allegation.

As with any action for breach of an oral contract, the plaintiff bears the burden in this case to both plead and prove the essential terms of the agreement sued on; that is, the offer made and its acceptance. See *Martin-Trigona v. Bloomington Federal Savings & Loan Ass'n*, 101 Ill. App. 3d 943, 428 N.E.2d 1028 (1981). The defendant denied that the plaintiff accepted an offer made by it to settle the parties' dispute for $11,000 in exchange for a release of liability, and at least to this extent, a triable issue of fact exists on terms of the settlement reached by the parties. Because of the denials contained in the defendant's answer to the plaintiff's complaint, we find that the trial court erred in entering judgment on the pleadings in favor of the plaintiff.

Based upon the foregoing analysis, we affirm the trial court's orders striking the defendant's affirmative defenses and denying leave to replead, reverse the judgment on the pleadings entered in

favor of the plaintiff, and remand this action to the circuit court for further proceedings.

Affirmed in part and reversed in part; cause remanded.

HARTMAN, P.J., and SOUTH, J., concur.