# Illinois Official Reports

## Appellate Court

*Farmers Automobile Insurance Ass'n v. Neumann*,
2015 IL App (3d) 140026

| | |
|---|---|
| Appellate Court Caption | FARMERS AUTOMOBILE INSURANCE ASSOCIATION, Plaintiff-Appellee, v. JOHN E. NEUMANN, Defendant-Appellant (Christopher Bitner, Defendant). |
| District & No. | Third District<br>Docket No. 3-14-0026 |
| Filed | February 5, 2015 |
| Rehearing denied | March 24, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from an automobile accident in which defendant's car struck a police officer who was directing traffic and two suits were filed against the driver, the first by the policeman alleging intentional assault and intentional battery, and the second by the driver's insurer seeking a declaratory judgment that it had no duty to defend the driver in the policeman's action because the policy did not cover claims for intentional conduct, then the city's workers' compensation insurer sued the driver to recover the workers' compensation benefits it would have to pay the officer, the driver moved to consolidate the actions filed by the officer and the city's workers' compensation insurer, the driver's insurer acknowledged its obligation to defend the driver under a reservation of rights, and when the trial court denied the driver's cross-motion for summary judgment that his insurer had to defend both the actions to recover the workers' compensation benefits and the officer's action against the driver and granted the insurer's motion for summary judgment, the driver appealed and the appellate court reversed the entry of summary judgment for the driver's insurer and remanded the cause with an order that the trial court enter summary judgment for the driver based on the finding that his insurer had a duty to defend the officer's action. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, No. 12-MR-137; the Hon. Paul Gilfillan, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | John P. Fleming (argued) and Joshua M. Smith, both of Fleming & Umland, of Peoria, for appellant. |
| | Robert Marc Chemers and Philip G. Brandt (argued), both of Pretzel & Stouffer Chtrd., of Chicago, for appellee. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion. |
| | Justices Carter and Lytton concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant insured, John E. Neumann, appealed from a circuit court order granting the motion of the plaintiff insurer, Farmers Automobile Insurance Association (Farmers), for summary judgment and denying Neumann's cross-motion for summary judgment, and finding that Farmers owed no duty to defend Neumann in one of two civil lawsuits that had been filed against Neumann. We reverse the grant of summary judgment in favor of Farmers and grant Neumann's motion for summary judgment.

¶ 2                                            FACTS

¶ 3    The defendant in this declaratory judgment action, John E. Neumann, was involved in a traffic incident on August 27, 2011, with the other defendant in this action, Christopher Bitner, wherein Neumann allegedly hit Bitner with his automobile while Bitner was directing traffic as a City of Pekin police officer. As a result of the accident, two civil lawsuits were filed naming Neumann as a defendant. The first was a complaint filed by Bitner (No. 12-L-101) (Bitner complaint), alleging intentional assault and intentional battery by Neumann. Neumann tendered the Bitner complaint to his insurer, the plaintiff in this action, Farmers. Farmers rejected the defense of the Bitner complaint on the basis that the automobile liability policy issued to Neumann did not cover any claims for intentional conduct.

¶ 4    After rejecting the defense of the Bitner action, Farmers filed the instant action for a declaratory judgment that it owed no duty to defend Neumann against the Bitner complaint. Neumann answered the declaratory judgment complaint, asserting affirmative defenses and

attaching his affidavit. Neumann's affidavit asserted that he did not intend to strike nor intend to cause bodily harm to Bitner. Farmers moved to strike both the affidavit and the affirmative defenses, arguing that the affirmative defenses were not proper affirmative defenses and the affidavit was an improper attempt to assert "true but unpleaded facts." The circuit court granted both motions. Farmers filed a motion for summary judgment, arguing that it did not owe Neumann a defense to the Bitner complaint.

¶ 5 Thereafter, a second civil action involving the same incident on August 27, 2011, was filed against Neumann, this one by CCMSI Insurance Company, as subrogee of the City of Pekin (No. 13-L-89) (CCMSI complaint). That action alleged that Neumann was negligent and sought to recover the amounts of worker's compensation that CCMSI would have to pay to Bitner as a result of the accident. Neumann filed a motion to consolidate the Bitner and CCMSI actions, which was granted. The consolidation order states that all filings shall reference and be filed in the first case number (the Bitner action). Farmers acknowledged, under a reservation of rights, its duty to defend Neumann against the CCMSI complaint.

¶ 6 Then, in this case, Neumann filed a cross-motion for summary judgment, asserting that, because the actions were consolidated, Farmers should defend both actions. The circuit court granted Farmers' motion for summary judgment and denied Neumann's motion, and Neumann appealed.

¶ 7 ANALYSIS

¶ 8 This matter is before us on the grant of summary judgment in favor of Farmers. Summary judgment is appropriate only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010). We review *de novo* a ruling on a motion for summary judgment. *Standard Mutual Insurance Co. v. Lay*, 2013 IL 114617, ¶ 15.

¶ 9 An insurer's duty to defend its insured is broader than its duty to indemnify. *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 456 (2010). In determining whether an insurer has a duty to defend its insured, a court must look to the allegations in the underlying complaint and the relevant portions of the insurance policy. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 107-08 (1992). The court must focus on the allegations of the complaint, liberally construed in favor of the insured. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73 (1991). If the allegations of the underlying complaint fall within, or potentially within, the policy coverage, then the insurer has a duty to defend. *Outboard Marine Corp.*, 154 Ill. 2d at 125.

¶ 10 Neumann contends that the consolidation of the two lawsuits was equivalent to a single lawsuit with several causes of action, and since Farmers already acknowledged its duty to defend on one claim, it had to defend both claims. Section 2-1006 of the Illinois Code of Civil Procedure (the Code) permits a court to consolidate cases pending in the same court as long as a substantial right is not prejudiced. 735 ILCS 5/2-1006 (West 2010). Three forms of consolidation are recognized:

> "(1) where several cases are pending involving substantially the same subject matter, the court may stay the proceedings in all but one and then see whether the disposition of the one case may settle the others, thereby avoiding multiple trials

on the same issues; (2) where several cases involve an inquiry into the same event in its general aspects, the cases may be tried together, but with separate docket entries, verdicts and judgments, the consolidation being limited to a joint trial; and (3) where several actions are pending that might have been brought as a single action, the cases may be merged into one action, thereby losing their individual identities, and be disposed of in one suit." *Dowe v. Birmingham Steel Corp.*, 2011 IL App (1st) 091997, ¶ 21.

¶ 11 Neumann argues that the present consolidation order falls into the third category, while Farmers contends that it fell into the second category. The motion to consolidate alleged that both complaints arose out of a single incident, claiming identical injuries to the same person, and it would serve the interests of judicial economy to consolidate the lawsuits. The order granting the consolidation stated that all filings would be filed in the first case number. To determine whether a particular consolidation was for disposition, the test is whether the cases might have been the subject of a single proceeding or could have been brought as one action. *Dowe*, 2011 IL App (1st) 091997, ¶ 22. Although the complaints had different named plaintiffs, they both arose from a single incident, involving injury to a single person. Considering that the purpose of consolidation is to expedite the resolution of lawsuits, conserve time, and avoid duplicating efforts and unnecessary expenses, we find that the lawsuits were consolidated into one action. See *Dowe*, 2011 IL App (1st) 091997, ¶ 24. Since Farmers had a duty to defend against the CCMSI action, it also had a duty to defend the consolidated Bitner action. See *United States Fidelity & Guaranty Co.*, 144 Ill. 2d at 73 (if a lawsuit pleads several theories of recovery, even if only one theory falls within the insurance policy's coverages, the insurer owes a duty to defend the entire lawsuit).

¶ 12 Even if the cases had not been consolidated, we would still find that the order granting Farmers' summary judgment motion was in error. A court is not required to put on blinders and may look beyond the complaint at other evidence appropriate to a motion for summary judgment. *American Economy Insurance Co. v. Holabird & Root*, 382 Ill. App. 3d 1017, 1032 (2008); see also *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 459 (2010) (a circuit court may, under certain circumstances, look beyond the underlying complaint in order to determine an insurer's duty to defend). The CCMSI complaint was filed by an outside party, not a third-party plaintiff seeking coverage as a putative additional insured. See *Holabird & Root*, 382 Ill. App. 3d at 1032 (a third-party complaint filed by a codefendant could be considered in deciding an insurer's duty to defend on a motion for summary judgment); but see *Pekin Insurance Co. v. United Contractors Midwest, Inc.*, 2013 IL App (3d) 120803, ¶ 32 (a third-party complaint was not considered because it was potentially self-serving, filed by a putative additional insured after the declaratory judgment action was filed). Although the CCMSI complaint was filed after the declaratory judgment action, it was not filed by Neumann. There was no indication that the CCMSI complaint was self-serving or filed merely to fill in information. Thus, it should have been considered by the circuit court in determining Farmers' duty to defend.

¶ 13 Even though we are reversing the grant of summary judgment in favor of Farmers, we will consider Neumann's argument that the circuit court erred in striking his affidavit and his two affirmative defenses. We find that neither action was in error.

¶ 14 As stated above, typically, determinations of a duty to defend are limited to the allegations of the complaint and the underlying insurance documents. And, other pleadings

can be considered in certain situations. Under the same authority, in certain circumstances, courts may also look to "true but unpleaded facts" of which the insurer has knowledge. *Holabird & Root*, 382 Ill. App. 3d at 1026. However, in this case, Neumann did not allege true but unpleaded facts, but rather he gave a conclusory statement regarding his intent, seeking to broaden the scope of the Bitner pleadings and trigger Farmers' duty to defend. Illinois Supreme Court Rule 191 (eff. July 1, 2002) states that affidavits must be made on the personal knowledge of the affiants to facts admissible in evidence and not consist of conclusions. There was no abuse of discretion in striking Neumann's self-serving affidavit. See *American Service Insurance Co. v. China Ocean Shipping Co. (Americas), Inc.*, 402 Ill. App. 3d 513, 524 (2010) (the granting of a motion to strike an affidavit in support of a summary judgment motion is within the discretion of the trial court).

¶ 15    Neumann pled two affirmative defenses in response to Farmers' complaint. Essentially, he denied that he was liable for the allegations in the Bitner complaint, claimed that there was insufficient factual support to show "intentional" actions, alleged that Farmers had conducted its own investigation, alleged that Farmers had his statement, alleged that no discovery had been completed in the Bitner action, and alleged that Farmers had a duty to defend that suit. Neumann argues that the affirmative defenses that he raised were proper, while Farmers contends that they were not proper affirmative defenses. We review *de novo* any order of the circuit court striking a pleading as being substantially insufficient. *Richco Plastic Co. v. IMS Co.*, 288 Ill. App. 3d 782, 785 (1997).

¶ 16    Section 2-613(d) of the Code provides that the facts constituting an affirmative defense, which includes "any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the complaint," must be plainly set forth in the answer or the reply. 735 ILCS 5/2-613(d) (West 2010). The test for determining the factual sufficiency of an affirmative defense is the same as that applied in deciding a motion to dismiss; the facts constituting the defense must be plainly set forth and the court will disregard any conclusions of law or fact not supported by allegations of specific fact. *Richco Plastic Co.*, 288 Ill. App. 3d at 785. An affirmative defense does not negate the essential elements of the plaintiff's cause of action but rather admits the legal sufficiency of the cause of action, asserting new matter by which the plaintiff's apparent right of recovery is defeated. *Vroegh v. J&M Forklift*, 165 Ill. 2d 523, 530 (1995). In this case, Neumann raised defenses, not affirmative defenses, so the affirmative defenses were properly stricken.

¶ 17                                                    CONCLUSION
¶ 18    For the foregoing reasons, we reverse the judgment of the circuit court of Tazewell County granting summary judgment in favor of Farmers and remand and order that the circuit court enter summary judgment in favor of Neumann, finding that Farmers owes a duty to defend the Bitner action.

¶ 19    Reversed and remanded.