# Illinois Official Reports

## Appellate Court

---

*Pekin Insurance Co. v. Martin Cement Co.*,
**2015 IL App (3d) 140290**

---

| | |
|---|---|
| Appellate Court Caption | PEKIN INSURANCE COMPANY, Plaintiff-Appellee, v. MARTIN CEMENT COMPANY, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-14-0290 |
| Filed<br>Rehearing denied | September 2, 2015<br>November 17, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 12-MR-531; the Hon. Barbara Petrungaro, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Brian A. O'Gallagher (argued) and Tara L. McTague, both of Cremer Spina Shaughnessy Jansen & Siegert, of Chicago, for appellant.<br><br>Robert Marc Chemers and Peter G. Syregelas (argued), both of Pretzel & Stouffer, Chtrd., of Chicago, for appellee. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices Lytton and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1        The defendant, Martin Cement Company, appealed from a circuit court order granting the motion of the plaintiff insurer, Pekin Insurance Company, for summary judgment and denying Martin's cross-motion for summary judgment and finding that Pekin owed no duty to defend Martin as an additional insured in a personal injury construction accident lawsuit.

¶ 2                                                FACTS

¶ 3        This case involves injuries sustained by Jake Swartz on or about July 14, 2010. As alleged in the underlying complaint, Swartz was employed on that date by Platinum Steel, Inc. (Platinum), and was working on a construction project. The underlying complaint named The Frederick Quinn Corporation (FQC) and Martin Cement Co. (Martin) as defendants. The underlying complaint alleged that Martin was in charge of the construction of the building where Swartz was injured when one of the rebar forms that he was working on broke away and caused Swartz to fall. Platinum was working on the construction site pursuant to a subcontract agreement with Martin wherein Platinum agreed to provide labor and equipment to set rebar.

¶ 4        Relevant to this appeal, count I of the underlying complaint, entitled "Retained control over the work" alleges that FQC and Martin owned and/or were in charge of the erection, construction, repairs, alteration, removal and/or painting on the construction project where the underlying plaintiff, Swartz, worked as an employee of Platinum. Count I further alleges that FQC and Martin, through their agents, servants and employees: were present and participated in coordinating the work; checked the work progress; inspected the work; and had the authority to stop work, refuse the work, and order changes in the work. Finally, count I alleges that FQC and Martin, by and through their agents, servants, and employees, were guilty of certain negligent acts, including "(g) failed to provide safe, suitable and proper support for Plaintiff to work off of." Count II alleges the direct negligence of Martin and FQC.

¶ 5        By letter dated December 29, 2011, Martin's attorney in the underlying case tendered Martin's defense to Pekin. Martin's tender arose from a Commercial General Liability Policy that was issued by Pekin as the insurer to Platinum as the insured for the effective policy period of June 1, 2010 to June 1, 2011. Under the subcontract agreement whereby Platinum, as the subcontractor, agreed to set rebar for Martin, as the contractor, dated June 15, 2010, Platinum was required to purchase and maintain this insurance coverage, naming Martin as an additional insured. The policy contained an additional insured endorsement titled "Contractors Additional Insured/Waiver of Rights of Recovery Extension Endorsement." Specifically, the policy provided coverage to Martin with respect to vicarious liability for bodily injury or property damage imputed from Platinum to Martin as a proximate result of Platinum's ongoing operations performed for Martin. It did not provide coverage for Martin's own negligence.

¶ 6        On January 13, 2012, FQC filed a third-party complaint against Platinum in the underlying case. That complaint sought contribution from Platinum if FQC was found to be liable to Swartz, based upon Platinum's: failure to properly train and supervise Swartz; improper maintenance and control of the area where Swartz was working; failure to warn Swartz; failure to provide adequate safeguards; and failure to provide Swartz with a safe place to work.

¶ 7     By letter dated February 10, 2012, Pekin rejected Martin's tender of the defense of the underlying case, stating that Martin was not listed as an additional insured on the Declarations page and the allegations against Martin in the underlying complaint were for negligence by Martin, which was excluded under the policy. Martin did not withdraw its tender of defense, so Pekin filed this declaratory judgment action on March 20, 2012.

¶ 8     On March 30, 2012, Martin filed a third-party complaint against Platinum in the underlying case, making similar allegations to FQC in the contribution count and adding a count for breach of contract.

¶ 9     Pekin moved for summary judgment. With respect to Martin, Pekin argued that it was entitled to summary judgment because it owed no duty to Martin under the additional insured endorsement when Swartz sued Martin for Martin's own conduct and the policy provided no coverage for Martin's own negligence. Martin filed a cross-motion for summary judgment, arguing that the underlying complaint stated claims against Martin that Platinum was potentially responsible for, thus falling within the endorsement. In addition, FQC's third-party complaint alleged that Platinum was at fault. The circuit court granted summary judgment in favor of Pekin and against Martin. In so ruling, the circuit court determined that it was not appropriate to consider Martin's third-party complaint, but it did specifically to rule on the argument that it could consider FQC's third-party complaint. Martin appealed.

¶ 10                                             ANALYSIS

¶ 11     Martin argues that Pekin had a duty to defend it as an additional insured under the policy issued to Platinum because the underlying complaint, read in conjunction with the subcontract between Martin and Platinum, contained allegations that Martin was sued for vicarious liability imputed from Platinum to Martin. In addition, Martin argues that the circuit court should have considered FQC's third-party complaint, which alleged several failures by Platinum, including failure to properly train and supervise Swartz; improper maintenance and control of the area where Swartz was working; failure to warn Swartz; failure to provide adequate safeguards; and failure to provide Swartz with a safe place to work. Thus, Martin contends that the circuit court erred in finding that Pekin had no duty to defend under the additional insured endorsement in the policy that Pekin issued to Platinum.

¶ 12     An insurer's duty to defend its insured is broader than its duty to indemnify. *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 456 (2010). In determining whether an insurer has a duty to defend its insured, a court must look to the allegations in the underlying complaint and the relevant portions of the insurance policy. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 107-08 (1992). The court must focus on the allegations of the complaint, liberally construed in favor of the insured. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73 (1991). If the allegations of the underlying complaint fall within, or potentially within, the policy coverage, then the insurer has a duty to defend. *Outboard Marine Corp.*, 154 Ill. 2d at 125. Summary judgment is appropriate only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010). We review *de novo* a ruling on a motion for summary judgment. *Clark Investments, Inc. v. Airstream, Inc.*, 399 Ill. App. 3d 209, 213 (2010).

¶ 13    Martin argues that it is being sued for events or conduct for which Platinum is potentially responsible, thus for damages imputed from Platinum. Martin contends that the underlying allegations that Martin was in charge of the entire project, had a duty to provide a safe work place, and had a duty to exercise reasonable care in the performance of Martin's work, including the operation of the rebar cages, create, at a minimum, the potential that Martin was being sued for something that Platinum was responsible for. In reaching that conclusion, Martin relies on the language of the subcontract agreement, which provided that Platinum was to provide labor and equipment to set the rebar on the project where Swartz was injured.

¶ 14    As this court pointed out in *United Contractors Midwest, Inc.*, we look first to the allegations in the underlying complaint and compare those allegations to the relevant portions of the insurance policy. *Pekin Insurance Co. v. United Contractors Midwest, Inc.*, 2013 IL App (3d) 120803, ¶ 21. The additional insured provisions at issue in this case are identical to the provisions at issue in *United Contractors Midwest, Inc.*, wherein we concluded that the terms of the policy required the insurer to defend additional insureds against claims arising out of the insured's work or " 'ongoing operations performed for that Additional Insured during the Policy Period.' " *Id.* ¶ 24. However, comparing the underlying complaint to the insurance policy, we found that it failed to allege sufficient facts regarding the insured subcontractor's actions that would result in vicarious liability to the additional insured general contractor based on the subcontractor's performance and failed to allege that the additional insured exercised such control over the insured's ongoing operations so that the additional insured could be held vicariously liable for the acts of its subcontractor. *Id.* ¶ 33. In reaching that conclusion, we declined to consider the additional insured's third-party complaint against the insured on the basis that it was potentially self-serving in that it was filed by the additional insured after the declaratory judgment action was filed. *Id.* ¶¶ 31-32.

¶ 15    *United Contractors Midwest, Inc.*, does not stand for the proposition that it is never appropriate to consider outside pleadings, only that it was not appropriate in that case due to the timing of the filing and the identity of the party filing the pleading. *Id.* ¶ 32. Rather, as a general rule, as long as in so doing the trial court does not determine an issue critical to the underlying action, a trial court should be able to consider all the relevant facts contained in the pleadings, including third-party complaints and counterclaims, to determine whether there is a duty to defend. *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 460-61 (2010) (quoting *American Economy Insurance Co. v. Holabird & Root*, 382 Ill. App. 3d 1017, 1031-32 (2008)); see also *Farmers Automobile Insurance Ass'n v. Neumann*, 2015 IL App (3d) 140026, ¶ 12 (a trial court is not required to put on blinders and could consider a complaint filed by an outside party in determining duty to defend, even though it was filed after the declaratory judgment action, because there was no indication the outside complaint was filed to fill in information for coverage). In this case, there were two third-party complaints filed: the complaint filed by FQC before the declaratory judgment action was filed and the complaint filed by Martin after the declaratory judgment action was filed. Thus, while Martin's own third-party complaint against Platinum, filed after the declaratory judgment action was filed, was arguably potentially self-serving in that it was filed by the putative additional insured after the declaratory judgment action was already filed, there is no similar reason to bar consideration of FQC's complaint, which was filed prior to the declaratory judgment action. That complaint makes sufficient allegations that actions or omissions of Platinum caused Swartz's injuries, making summary judgment in favor of Pekin on the duty to defend in error.

Thus, we reverse the grant of Pekin's motion for summary judgment and remand for the circuit court to enter summary judgment in favor of Martin.

¶ 16                                            CONCLUSION

¶ 17        The judgment of the circuit court of Will County is reversed and remanded.

¶ 18        Reversed and remanded.