2023 IL App (2d) 230201-U
No. 2-23-0201
Order filed December 21, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22-MR-152 |
| EDWARD ZIMEL, JR., | ) ) ) | Honorable Joel D. Berg and Thomas A. Meyer, |
| Defendant-Appellant. | ) | Judges, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court properly granted summary judgment in favor of the State in this *quo warranto* action.

¶ 2    The defendant, Edward Zimel, Jr., was elected a trustee of Algonquin Township in April 2021. In August 2022, the McHenry County State's Attorney filed a *quo warranto* action seeking to have Zimel removed from office because he had previously been convicted of a felony and was therefore barred from holding office under section 55-6 of the Township Code (60 ILCS 1/55-6

(West 2020)). The trial court granted summary judgment in favor of the State. Zimel appeals from that order. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4       In April 2021, Zimel was elected to the position of Algonquin Township trustee and he was sworn into office the next month. On August 12, 2022, the State filed a *quo warranto* action seeking to have Zimel removed from his office as Algonquin Township trustee because, in November 1990, he was found guilty of intimidation, a Class 3 felony (see Ill. Rev. Stat. 1977, ch. 38, par. 12-6(a), now codified as 720 ILCS 5/12-6 (West 2022)). The State noted that section 55-6 of the Township Code (60 ILCS 1/55-6 (West 2020)) precludes anyone convicted of a felony from holding a township office. In June 2021, the State sent Zimel a letter requesting that he either clarify whether he was convicted of a felony or resign his position. Zimel did neither. The State sought an order declaring that Zimel had been convicted of a felony and was ineligible to hold his elected office as Algonquin Township trustee, and ordering that he be removed from office. The State attached a certified statement of Zimel's conviction from the clerk of the circuit court of Cook County indicating that, in 1990, Zimel had pleaded guilty to a charge of intimidation, a Class 3 felony, and was sentenced to probation and home confinement.

¶ 5       On October 13, 2022, Zimel filed a motion to dismiss the complaint under section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2020)). Zimel argued that the action was barred under section 13-205 of the Code (*id.* § 13-205), which states that a five-year statute of limitations applies to specifically named actions and to "all civil actions not otherwise provided for." He argued that this action fell within the quoted language and that no action could be brought more than five years after his 1990 conviction. Zimel also argued that the action was barred by administrative collateral estoppel and laches, because he had been in his

position for over a year before the suit was filed and because he had held a previous position as an elected member of the Hanover Park Village Board and was never challenged.

¶ 6     In response, the State argued that there was no case law to support the assertion that the five year statute of limitations found in section 13-205 of the Code (*id.*), was applicable to section 55-6 of the Township Code (60 ILCS 1/55-6 (West 2020)).  The State also argued that the matter was not barred by administrative collateral estoppel as the present issue had never been litigated or weighed on its merits in a quasi-judicial proceeding.  Finally, the State argued that the action was not barred by laches as it did not delay in bringing the action and because laches was generally not applicable to a governmental entity absent extraordinary circumstances.

¶ 7     On December 1, 2022, following a hearing, the trial court denied Zimel's motion to dismiss.  A transcript of the hearing is not included in the record on appeal.

¶ 8     On December 30, 2022, Zimel filed a supplemental motion to dismiss.  In that motion, Zimel argued that the Township Code was not applicable to him because his conviction for intimidation was not an "infamous crime."  Zimel thus implicitly argued that section 55-6 of the Township Code only applied to infamous crimes.

¶ 9     On January 12, 2023, a hearing was held on Zimel's supplemental motion to dismiss. Zimel argued that because he was not convicted of an infamous crime, he could not be precluded from holding office.  The State argued that the applicable code was the Township Code, not the Election Code, that Zimel had been convicted of a felony, and that under the Township Code he was not eligible to hold a township office.  Following argument, the trial court denied the supplemental motion to dismiss.  The trial court found that the Township Code was applicable in this case and specifically precluded someone convicted of a felony from holding township office.

¶ 10    Thereafter, Zimel filed an answer to the complaint and alleged five affirmative defenses. Specifically, as affirmative defenses, Zimel argued that dismissal of the complaint was appropriate as a matter of equity, that intimidation was not a disqualifying felony, and that the action was barred by the statute of limitations, laches, and administrative collateral estoppel.

¶ 11    On April 14, 2023, the State filed a motion for summary judgment under section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2022)).  The State noted that, in his discovery deposition, Zimel admitted that he pleaded guilty in 1990 to the offense of intimidation, but that he believed it was a misdemeanor and not a felony.  The State argued that the offense of intimidation was always a felony, even in 1990.  The State concluded that there was no dispute that Zimel had been convicted of a felony and that, under the Township Code, he was ineligible to hold a township office.

¶ 12    In response, Zimel argued that the trial court should deny the motion for summary judgment.  Zimel asserted that a *quo warranto* action sounds in equity and that any relief, or no relief at all, is within the discretion of the court.  Zimel further argued that, under *Coles*, he should "have the right to rehabilitate himself as do the potential candidates for statewide office under the Illinois Constitution of 1970."  Zimel also argued that his removal from office based on his 1990 conviction was a violation of both federal and state prohibitions against ex post facto laws.

¶ 13    On June 12, 2023, the trial court held a hearing on the motion for summary judgment.  The State argued that the certified record of conviction undisputedly showed that, in 1990, Zimel pleaded guilty and was convicted of a Class 3 felony of intimidation.  The State noted that this offense was still a Class 3 felony today.  The State thus asserted that, under section 55-6 of the Township Code, Zimel could not hold a township office of trustee because he was convicted of a felony.  The State argued that the statute did not include a time limit and that there was no question

of material fact to preclude summary judgment. The State also argued that this action was not barred by laches or any statute of limitations.

¶ 14    Zimel argued that the Election Code was applicable in this case and that he was not disqualified from holding office because he was not convicted of an infamous crime. Zimel further argued that the action was barred by laches because the State should have filed it before Zimel was elected. Zimel also argued that the action was barred by the general five year statute of limitations. Alternatively, Zimel argued that a *quo warranto* action was based on equity and that it would be fundamentally unfair to remove him from office because of a conviction from over 30 years ago.

¶ 15    Following argument, the trial court granted the motion for summary judgment. The trial court found that non-action by a government actor was not sufficient to support a claim for laches. Even if it was, the State filed its action within a reasonable time after Zimel was elected to his position as trustee. The trial court further found that the certified conviction record was sufficient to show that Zimel had been convicted of a felony. The trial court also found that it was undisputed that Zimel was never pardoned and that he was elected as a trustee in Algonquin Township. The trial court concluded that, under section 55-6 of the Township Code, Zimel was not eligible to hold his office. The trial court issued a seven-day stay of its order to allow time for Zimel to file a motion for stay in this court.

¶ 16    Zimel filed a timely notice of appeal the next day. Three days later, he filed a motion to reconsider requesting that the seven-day stay be extended to 30 days. On July 6, 2023, the trial court struck the motion, finding that it could not rule on the motion to reconsider because it was filed after the notice of appeal. On August 3, 2023, in this court, Zimel filed a motion for stay of the trial court's judgment pending this appeal. We granted the motion.

¶ 17                                    II. ANALYSIS

¶ 18   At issue in this appeal is whether the trial court erred in granting the State's motion for summary judgment.  Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  735 ILCS 5/2-1005(c) (West 2022).  A *quo warranto* action may be decided by summary judgment.  *People v. Ferrell*, 2023 IL App (3d) 220292, ¶ 16.  We review a trial court's grant or denial of summary judgment *de novo*.  *Arangold Corp. v. Zehnder*, 204 Ill. 2d 142, 146 (2003).

¶ 19                                A.  Remedy

¶ 20   Zimel's first contention on appeal is that summary judgment was improper because the trial court has discretion to grant or deny relief in a *quo warranto* action.  He argues that the trial court should have denied relief because Zimel was not aware he had a felony conviction, the action was politically motivated, and there is a strong public policy in the finality of elections.  This contention is without merit as it is based on a misunderstanding of the trial court's discretion in this *quo warranto* action.

¶ 21   *Quo warranto* proceedings are codified in article 18 of the Code of Civil Procedure (*quo warranto* statute) (735 ILCS 5/18-101 *et seq*. (West 2022)).  *People ex rel. Graf v. Village of Lake Bluff*, 206 Ill. 2d 541, 547 (2003).  Under the *quo warranto* statute, a state's attorney may file a *quo warranto* complaint to question the right of someone who is charged with unlawfully holding public office.  735 ILCS 5/18-101(1), 18-102 (West 2022).  However, if a state's attorney fails to file suit, either of its own accord or upon request of an interested party, that interested party, with leave of court, may file a *quo warranto* action.  *Id.* § 18-102.  "Because an individual does not have a right to file a *quo warranto* action, '[g]ranting leave to file a complaint in *quo warranto* is a matter within the sound discretion of the trial court.'"  *People ex rel. Wofford v. Brown*, 2017 IL

App (1st) 161118, ¶ 15 (quoting *People ex rel. Durst v. Village of Germantown Hills*, 51 Ill. App. 3d 969, 972 (1977)).

¶ 22    Accordingly, if a private party requests leave of court to file an action in *quo warranto*, the trial court has discretion to grant or deny that request. *Id.* However, in this case, the State filed the action, not a private party. The State was not required to seek leave of court and, thus, the filing itself was not within the trial court's discretion. Further, once the State proved that Zimel was ineligible to hold office under the Township Code, the trial court did not have discretion over the remedy. While the *quo warranto* statute provides that, if a defendant in a *quo warranto* proceeding is found guilty as charged, the trial court may enter a judgment of ouster or impose a fine (see 735 ILCS 5/18-108 (West 2022)), section 55-6 of the Township Code (60 ILCS 1/55-6 (West 2020)) clearly precluded Zimel from holding office. Section 55-6 of the Township Code states that:

> "A person is not eligible to hold any office if that person, at the time required for taking the oath of office, has been convicted in any court located in the United States of any infamous crime, bribery, perjury, or other felony." *Id.*

The more specific statute on a topic controls over a more general statute. *Beauchamp v. Dart*, 2022 IL App (1st) 210091, ¶ 23. Here, the Township Code is the more specific statute and, under that code, the trial court was required to enter a judgment of ouster. As such, even if Zimel's arguments were correct—that he was not aware he had a felony conviction, the action was politically motivated, and there is a strong public policy in the finality of elections—the trial court did not have discretion to allow Zimel to remain in office.

¶ 23                                    B. Affirmative Defenses

¶ 24    Zimel's next contention on appeal is that summary judgment was improper in light of his asserted affirmative defenses. "An 'affirmative defense' is one in which the defendant gives color to his opponent's claim but asserts new matter which defeats an apparent right in the plaintiff." *Raprager v. Allstate Insurance Co.*, 183 Ill. App. 3d 847, 854 (1989). "An affirmative defense is comprised of allegations that do not negate the essential elements of the plaintiff's cause of action, but rather admit the legal sufficiency of the cause of action, and assert new matter by which the plaintiff's apparent right of recovery is defeated." *NorthBrook Bank & Trust Co. v. 2120 Division LLC*, 2015 IL App (1st) 133426, ¶ 14. To establish an affirmative defense, sufficient facts must be alleged to satisfy each element of the affirmative defense. *Richco Plastic Co. v. IMS Co.*, 288 Ill. App. 3d 782, 784 (1997). When determining the sufficiency of any claim or defense, the court will disregard any conclusions of fact or law that are not supported by allegations of specific fact. *Id.* at 784-85. Summary judgment is inappropriate if there is a factual dispute regarding an affirmative defense. *West Suburban Mass Transit District v. Consolidated Rail Corp.*, 210 Ill. App. 3d 484, 488 (1991).

¶ 25                                1. Equity

¶ 26    Zimel argues that summary judgment was improper based on his affirmative defense of equity. He argues that a *quo warranto* action can be denied if the public interest demands such a result, citing *People ex rel. Goldberg v. Delaney*, 39 Ill. 2d 474, 479 (1968) (leave to file an action in *quo warranto* may be denied if equitable and public policy considerations demand such a result), and *People ex rel. McIntyre v. Keene*, 322 Ill. 255, 257 (1926) (in determining whether to grant leave to file a petition in *quo warranto*, court can consider the circumstances of the case, the motives of the movant, and whether the public interest will be served by the filing). Zimel notes that, since his conviction, he has held three elected positions, has been involved in many charitable

causes, this action is politically motivated, and that there is a strong public policy for finality of elections. This is essentially a reiteration of Zimel's first argument on appeal and, as explained above, it is without merit.

¶ 27                                    2. Laches

¶ 28    Zimel next argues that this action is barred by the doctrine of laches. Zimel argues that he has held public offices for the last ten years and that the delay in filing this action is not reasonable. Laches is an affirmative defense that is equitable and requires the party raising it to show that there was an unreasonable delay in bringing an action and that the delay caused prejudice. *BankUnited, National Association v. Giusti*, 2020 IL App (2d) 190522, ¶ 39. Laches is generally not applicable to actions of a government entity absent unusual, extraordinary, or compelling circumstances. *Ferrell*, 2023 IL App (3d) 220292, ¶ 20. Further, mere nonaction of a government entity will not support a claim of laches. *Id.* "Courts apply these exacting requirements because a more liberal application of the laches defense against a government entity could impair the functioning of the government due solely to the negligence or inattention of government officials, thereby adversely affecting the public." *Id.*

¶ 29    Generally, laches may not be asserted when the public interest is at stake and a *quo warranto* action has been filed. *Id.* ¶ 21. However, an exception may be made if the action involves the ouster of a public official and the official can show that, due to "inexcusable delay and public acquiescence, a judgment of ouster would result in great public inconvenience and detriment." *Id.* Courts have found "great public inconvenience and detriment" only when there is conclusive evidence of harm to the public, such as increased public expense or loss of services. *Id.* ¶ 23.

¶ 30    In *Ferrell*, the State filed a *quo warranto* action seeking the ouster of a trustee of Joliet Township due to convictions for drug-related felonies. *Id.* ¶ 6. Ferrell argued that the action was barred by laches because the State did not bring the action until almost a year after his election. *Id.* ¶ 18. The reviewing court ruled that the laches defense failed because Ferrell, rather than alleging an affirmative act, alleged only that the government official failed to act in a timely manner and inaction was "insufficient to support a claim of laches against a government actor." *Id.* ¶ 25. The court also found that the laches defense failed because the State had filed its action less than a year from the time that Ferrell was elected and that this delay was not unreasonable. *Id.* ¶ 26.

¶ 31    In the present case, Zimel's laches defense fails for the same reasons. As in *Ferrell*, Zimel alleges only nonaction by the State and has failed to allege any extraordinary circumstances sufficient to support a claim of laches. Further, a month after Zimel took his oath of office, the State sent him a letter requesting that he either show that he was not convicted of a felony or resign from office. The State filed its complaint only 14 months later, after it was unable to reach cooperation or agreement on the issue from Zimel. This delay in filing suit was not unreasonable. *Id.*

¶ 32                                3. Statute of Limitations

¶ 33    Zimel next argues that this action is barred by the five-year statute of limitation contained in section 13-205 of the Code (735 ILCS 5/13-205 (West 2022)). Section 13-205 of the Code provides, in pertinent part, that "all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." *Id.* Zimel argues that the present action falls within this statute of limitation. This argument is without merit. Our supreme court has held that the statute of limitations barring ordinary civil actions "not otherwise provided for" is not

applicable to an action in *quo warranto* by the State to oust someone from public office. *McPhail v. People ex rel. Lambert*, 160 Ill. 77, 80-81 (1895) (five-year statute of limitation not applicable to filing *quo warranto* action because such actions are not "simply a civil remedy, for the protection of private rights only;" rather they are matters of the public interest). Moreover, even if the five-year statute of limitations was applicable, the cause of action did not accrue until May 2021 when Zimel was sworn into office (see 60 ILCS 1/55-6 (West 2022)) and, thus, the August 2022 complaint was within that statute of limitation.

¶ 34                               4. Administrative Collateral Estoppel

¶ 35    Zimel next argues that the doctrine of administrative collateral estoppel should bar this action because the State had the opportunity to challenge his nomination papers when he ran for trustee but it failed to do so. This argument is forfeited because Zimel has failed to cite any authority to support such a proposition. *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 32 (failure to cite authority is grounds to forfeit an argument). Moreover, "[t]he rule of administrative collateral estoppel is this: if in a quasi-judicial proceeding an administrative agency issues a final decision, the legal and factual findings in the decision will, in future civil litigation, bind the parties and their privies, provided that the findings were necessary to resolve the issues before the administrative agency (*Terry v. Watts Copy Systems, Inc.*, 329 Ill. App. 3d 382, 389 (2002)) and provided that issue-preclusion would work no injustice (see Restatement (Second) of Judgments § 28 (1982))." *KT Winneburg, LLC v. Roth*, 2020 IL App (4th) 190274, ¶ 28. Zimel has not directed us to any previous quasi-judicial proceeding where there was a final decision that would have any impact on the present case. His argument fails for this reason as well.

¶ 36                               5. Intimidation is Not a Disqualifying Felony

¶ 37    Zimel next argues that because he was not convicted of an infamous crime, he is not disqualified from holding office under section 55-6 of the Township Code (60 ILCS 1/55-6 (West 2022)).  He notes that section 55-6 states that a person is not eligible to hold a township office if "at the time required for taking the oath of office, [he] has been convicted *** of any infamous crime, bribery, perjury, or other felony."  *Id.*  Zimel argues that because bribery and perjury are infamous crimes, that "other felony" must only refer to other felonies that are also infamous crimes.

¶ 38    The cardinal rule of statutory construction is to ascertain and give effect to the legislature's intent.  *Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago*, 213 Ill. 2d 1, 6 (2004).  Our analysis begins with the statutory language, which remains the best indication of that intent.  *Metzger v. DaRosa*, 209 Ill. 2d 30, 34-35 (2004).  The language must be afforded its plain, ordinary, and popularly understood meaning.  *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 279 (2003).  When a statute's language is clear and unambiguous, we cannot impose a condition among its terms that the legislature did not itself express via the statute's language.  See *Commonwealth Edison Co. v. Illinois Commerce Commission*, 398 Ill. App. 3d 510, 523 (2009) (reviewing court "cannot read into a statute a condition that is not there").  The construction of a statute is a question of law, subject to *de novo* review.  *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 11.

¶ 39    We reject Zimel's argument as contrary to the plain language of the Township Code.  The Township Code clearly includes the language "infamous crime, bribery, perjury, or other felony." If we interpreted "other felony" to refer only to infamous crimes, we would essentially be reading the "other felony" language out of the statute.  This, of course, we cannot do.  *Van Dyke v. White*, 2019 IL 121452, ¶ 46 ("No part of a statute should be rendered meaningless or superfluous.").

Moreover, merely because bribery and perjury can also be defined as infamous crimes, this is not a basis to read the "other felony" language out of the statute. *Id.* Accordingly, we conclude that Zimel's conviction for intimidation falls within the "other felony" language of section 55-6 of the Township Code. In so ruling, we note that, within the same section of his appellant brief, Zimel also commented that he has "challenged the applicability of [section 55-6] to him because the current version of that statute may have been passed after his incident in 1990." To the extent that this statement is challenging the retroactivity of section 55-6 of the Code—which became effective on July 15, 2016—to his 1990 conviction or raising the argument that its application to him is an ex post facto violation, those contentions are forfeited as he failed to develop any argument on these issues. See *In re H.B.*, 2022 IL App (2d) 210404, ¶ 41 ("[a] party forfeits an argument when he or she fails to adequately develop it.").

¶ 40                          C. Equal Protection Violation

*¶ 41*     Zimel's final contention on appeal is that summary judgment was improper under this court's decision in *Coles v. Ryan*, 91 Ill. App. 3d 382 (1980). In *Coles*, this court held that section 29-15 of the Election Code (10 ILCS 5/29-15 (West 1980)) violates equal protection rights under the U.S. Constitution because, under the Illinois Constitution and other applicable statutes, someone convicted of a felony can run for constitutional office after his or her sentence was completed but, under the Election Code, he or she needed a pardon or rights restored "otherwise according to law" before he or she could run for a statutorily-created office. Zimel argues that section 55-6 of the Township Code is unconstitutional based on the same logic used in *Coles*.

¶ 42     The State asserts that this equal protection argument is forfeited because Zimel never affirmatively made an equal protection challenge to the constitutionality of section 55-6 of the

Township Code in the trial court and because Zimel never provided notice to the Attorney General as required under Illinois Supreme Court Rule 19 (eff. Sep. 1, 2006).

¶ 43    We agree with the State. Zimel raises this equal protection argument for the first time on appeal. While Zimel cited *Coles* in the trial court, he never presented a fully developed argument on an equal protection challenge to section 55-6 of the Township Code. Issues that are not raised in the trial court are forfeited. See *Martinez v. River Park Place, LLC*, 2012 IL App (1st) 111478, ¶ 29 ("It is well settled that issues not raised in the trial court are deemed forfeited and may not be raised for the first time on appeal."). Moreover, a party challenging the constitutionality of a state statute must notify the Attorney General so that the Attorney General may enter an appearance and represent the interests of the state in the action. See Ill. S. Ct. R. 19(a), (c) (eff. Sept.1, 2006). The failure to comply with Rule 19 results in forfeiture of the issue. See *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 119 (2004). While we have discretion to excuse late compliance with Rule 19 (*id.*), we will not excuse noncompliance (*Pappas v. Calumet City Municipal Officers' Electoral Board*, 288 Ill. App. 3d 787, 791 (1997) (declining to address constitutional issue where challenging party failed to send notice to the Attorney General and did not request leave to do so on appeal). As Zimel both failed to raise the equal protection challenge in the trial court and failed to notify the Attorney General of his intent to challenge the constitutionality of the Township Code on appeal, we find the issue forfeited. *Id.*

¶ 44                                    III. CONCLUSION

¶ 45    For the foregoing reasons, the judgment of circuit court of Lake County is affirmed.

¶ 46    Affirmed.