**Evelyn Mancou, Plaintiff-Appellant, v. Benjamin R. Mancou, Defendant-Appellee.**

**Gen. No. 51,540.**

First District.

April 24, 1968.

Jerome Berkson, of Chicago, for appellant.

Torme & Horwich, of Chicago (Joseph H. Horwich, of counsel), for appellee.

GOLDENHERSH, J.

Plaintiff appeals from the order of the Circuit Court of Cook County denying her verified petition for modification of a divorce decree. The petition was denied without a hearing on the ground that plaintiff failed to allege facts legally sufficient to support a modification of the decree.

In her petition filed on November 16, 1965, plaintiff alleges that on July 2, 1953, following a jury trial, a decree was entered granting her a divorce from defendant, and on November 19, 1953, a supplemental decree was entered ordering defendant to pay her alimony in the amount of $85 per week; that since 1964 plaintiff has incurred extensive extraordinary medical expenses in the approximate amount of $2,500 because of having suffered a heart attack and acute glaucoma; that she is solely dependent upon the alimony ordered to be paid by defendant and is unable to pay the medical expenses incurred; that at the time of the entry of the decree in July 1953,

she was employed and earning approximately $259 per week, but that when the supplemental decree was entered on November 19, 1953, her earnings were less than that amount; that since early in 1964 she has been totally incapacitated, is not employed, and is without income or support; since the entry of the decree and supplemental decree defendant's income and assets have substantially increased and he is well able to pay an amount commensurate with plaintiff's needs. So far as pertinent to this appeal, the petition seeks an order directing defendant to pay all of the extraordinary medical expenses incurred by plaintiff, and an order directing him to pay increased alimony "predicated upon her needs and station in life and commensurate with his means and ability to pay."

The supplemental decree provides:

"2. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant BENJAMIN R. MANCOU pay to the plaintiff, EVELYN MANCOU, as and for permanent alimony, subject to the further order of this court, and for so long as she shall remain unmarried, the sum of $85.00 per week, effective as and from the first day of November, 1953. The said award is made in contemplation of the fact that the plaintiff may augment her income by engaging in remunerative work and shall be in addition to such income as she may so earn, and the amount of such alimony award shall not be reduced because of such additional earnings by the plaintiff."

Chapter 40, section 19, Ill Rev Stats provides:

"Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support, it may at any time after the entry of a decree for divorce, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for alimony and

maintenance of the spouse and the care and support of the children as, from the evidence and nature of the case, shall be fit, reasonable and just, but no such order subsequent to the decree may be made in any case in which the decree recites that there has been an express waiver of alimony or a money or property settlement in lieu of alimony or where the court by its decree has denied alimony."

The parties agree that section 19 of the Divorce Act confers jurisdiction to modify the decree, and that no modification should be made unless there has been a material change in the conditions and circumstances of the parties, Gregory v. Gregory, 52 Ill App2d 262, 202 NE2d 139. The many cases cited in the briefs are not, however, decisive of, or for the most part relevant to, the sole issue presented in this appeal, i. e. whether plaintiff's petition was sufficient to entitle her to a hearing.

Defendant argues that plaintiff's petition is "fatally defective" in that it fails to allege (a) how and in what manner plaintiff's employment or lack of employment is a change in circumstance which the court might consider in ordering an increase in the alimony payments; (b) "how and in what manner defendant is obligated to pay plaintiff's debts in the form of alleged medical bills . . ."; (c) "how and in what manner defendant has substantially increased his earnings and assets."

To paraphrase the statement found in Irving v. Rodriquez, 27 Ill App2d 75, 81, 169 NE2d 145, "The essential test of a complaint (petition) is that it has informed the defendant of a valid claim under a general class of cases of which the court has jurisdiction as distinguished from a complaint (petition) that states no cause of action at all."

In Kita v. Young Men's Christian Association of Metropolitan Chicago, 47 Ill App2d 409, 198 NE2d 174, Mr. Justice McCormick states most eloquently the cause for simplicity of pleadings toward the end that substantial

justice may be done. That it is not necessary to plead evidence is so clearly established as to require no citation of authorities.

■■ The petition sufficiently advises the defendant that plaintiff, by reason of illness is no longer employed, that she has incurred substantial debts in the form of medical expenses, and that his earnings and assets have substantially increased. What evidence she expects to adduce to support her allegations is readily discoverable, and plaintiff is not required to plead it in her petition.

In our opinion the petition is sufficient to entitle plaintiff to a hearing and the court erred in summarily denying it.

For the reasons herein set forth the order of the Circuit Court of Cook County is reversed and the cause remanded for further proceedings consistent with this opinion.

Order reversed and cause remanded.

MORAN and EBERSPACHER, JJ., concur.