NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180737-U

NO. 4-18-0737

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 13, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| HOUSING AUTHORITY OF THE COUNTY OF CASS, ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellant, | ) | Cass County |
| v. | ) | No. 11L8 |
| ASSISTED HOUSING RISK MANAGEMENT ASSOCIATION (AHRMA), | ) ) | |
| Defendant-Appellee. | ) | Honorable |
| | ) | Bob Hardwick Jr., |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Steigmann and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding the trial court did not abuse its discretion in denying plaintiff's motion to deem facts admitted, denying its motion to strike defendant's affirmative defenses, denying its motion to bar an adverse witness, or denying its motion barring defendant from referencing the Federal Emergency Management Association (FEMA). Additionally, the trial court did not err in granting defendant's motion for partial summary judgment on lost rental income.

¶ 2    After a windstorm in June 2010, plaintiff, Housing Authority of the County of Cass, Illinois, the owner of an apartment building, filed insurance claims with defendant, Assisted Housing Risk Management Association (AHRMA), its insurance provider. Plaintiff claimed the windstorm caused structural damage to the apartment building covered under the insurance contract. Plaintiff filed its complaint in December 2011, alleging it had suffered lost rental income and other losses associated with either demolishing or rehabilitating the

inhabitable structure. Plaintiff alleged the relevant insurance contract with defendant (spanning January 1, 2010, to January 1, 2011) covered both claims.

¶ 3　　　　In June 2018, after approximately seven years of litigation, a jury found in favor of defendant. The jury's verdict found coverage for structural damage caused by the windstorm was provided by the insurance contract; however, defendant proved at least one affirmative defense defeating coverage.

¶ 4　　　　Plaintiff appeals, arguing the trial court erred in (1) denying its motion to deem facts admitted, (2) incorrectly concluding defendant's affirmative defenses were jury questions (3) denying its motion to strike defendant's third amended affirmative defenses, (4) denying plaintiff's motion to bar adverse witness Steve Horton from testifying, (5) denying plaintiff's motion to bar any mention of involvement of the Federal Emergency Management Association (FEMA), and (6) granting defendant's partial motion for summary judgment on the issue of loss of rental income.

¶ 5　　　　We affirm.

¶ 6　　　　　　　　　　　　I. BACKGROUND

¶ 7　　　　In June 2010, plaintiff owned an apartment complex with approximately 16 rental units in Beardstown, Illinois. That month, a storm with high winds blew through the town, causing structural damage to the apartment complex. After the storm, the building's foundation shifted, and the building eventually became uninhabitable. Plaintiff alleged the windstorm caused or significantly contributed to the building's damaged foundation and such damage was covered under the insurance contract between plaintiff and defendant. Plaintiff further alleged the foundation damage required the property to be vacated. Plaintiff filed a property claim with defendant in June 2011. Following inspections by an architect and a structural engineer,

defendant denied plaintiff's insurance claim. Plaintiff filed its complaint in December 2011, claiming it suffered lost rental income and other losses associated with either demolishing or rehabilitating the structure. Plaintiff alleged the relevant insurance contract with defendant (applicable from January 1, 2010, to January 1, 2011) covered both claims.

¶ 8    Defendant argued that under the applicable contract between the parties, there was no coverage for these claims. Defendant asserted as affirmative defenses five specific exclusions within the insurance contract exempting coverage.

¶ 9    This case plodded through approximately seven years of litigation before culminating in a weeklong jury trial in June 2018. On appeal, plaintiff argues the trial court erred in deciding numerous pretrial discovery issues as well as motions raised during both the pretrial and trial phases of litigation. In addressing those issues raised by plaintiff's brief and argument, we provide only relevant background information as it relates to those particular claims.

¶ 10    In June 2018, the jury returned a verdict for defendant, finding coverage for structural damage caused by the windstorm was provided by the insurance contract; however, defendant proved at least one affirmative defense defeating coverage.

¶ 11    This appeal followed.

¶ 12    II. ANALYSIS

¶ 13    A. Plaintiff's Motion to Deem Certain Facts Admitted

¶ 14    Under Illinois Supreme Court Rule 216(a) (eff. May 30, 2008), "[a] party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request." The facts contained in the request are admitted within 28 days, unless the responding party denies the admissions, providing reasons why the party cannot either admit or deny the request, or raises a written objection to the request. Ill. S.

- 3 -

Ct. R. 216(c) (eff. May 30, 2008). A responding party must make a reasonable effort to respond to an opposing party's request to admit within the responding party's reasonable control. *Szczeblewski v. Gossett*, 342 Ill. App. 3d 344, 349, 795 N.E.2d 368, 372 (2003). "A request to admit is proper if it relates to statements or opinions of fact or the application of law to fact." *Troyan v. Reyes*, 367 Ill. App. 3d 729, 739, 855 N.E.2d 967, 976 (2006) (citing *P.R.S. International, Inc. v. Shred Pax Corp.*, 184 Ill. 2d 224, 236, 703 N.E.2d 71, 77 (1998)). However, a reviewing court will not disturb a trial court's ruling on discovery matters unless the trial court abused its discretion. *Reda v. Advocate Health Care*, 199 Ill. 2d 47, 54, 765 N.E.2d 1002, 1007 (2002). An abuse of discretion occurs when no reasonable person would take the view adopted by the trial court. *Kim v. Mercedes-Benz, U.S.A., Inc.*, 353 Ill. App. 3d 444, 452, 818 N.E.2d 713, 720 (2004). As noted by defendant, requests to admit may be contained within the pretrial discovery section of the Illinois Supreme Court Rules (Part E.) and are considered a part of the discovery process. However, their true purpose is not the discovery of facts but to establish *as fact* certain material facts in a cause of action without the necessity of formal proof at trial. *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 346, 875 N.E.2d 1065, 1074 (2007) (quoting *P.R.S. International*, 184 Ill. 2d at 237).

¶ 15         In January 2013, plaintiff served on defendant 24 requests to admit certain facts. In February 2013, defendant responded to plaintiff's requests. For each response, defendant either objected to the request or indicated it could neither admit nor deny the fact and provided reasons why it could not do so. Rather than seek a hearing on the objections to have them addressed by the trial court, plaintiff filed a motion to deem the facts as admitted that same month. Even plaintiff acknowledges in its brief that "striking unresponsive or evasive answers and deeming requests admitted is the only sanction contemplated by Rule 216." True as that may

be, plaintiff skipped a step in the process—seeking a ruling on defendant's objections, since only the trial court, and not plaintiff unilaterally, would be invested with the authority to determine whether a response was, in fact, "unresponsive" or "evasive" and determine the appropriate sanction.

¶ 16     Although plaintiff does not cite the record to provide an example of its request and defendant's response, we were able to locate them within the record. However, it is not our responsibility to search the record for the appellant to find reasons for reversal. See *Farwell Construction Co.* v. *Ticktin*, 84 Ill. App. 3d, 791, 802, 405 N.E.2d 1051, 1060 (1980). By way of example, plaintiff's request to admit fact No. 7 states, "Admit that from June 1, 2008 through December 31, 2011, Defendant insured the subject property against risks of direct physical loss." Defendant responded it could not admit or deny these requests as the address discrepancy in plaintiff's request could affect the alleged damages at issue in the case. Defendant argued plaintiff's requests contained inconsistent addresses when identifying the subject property. The statement of values attached to plaintiff's complaint indicated there were two buildings that contain 16 apartment units for which defendant allegedly provided coverage, and the addresses listed on the statement of values are different than the addresses listed in plaintiff's request to admit facts. Plaintiff, in its request to admit facts, provides the address of the subject property as Eddie Garnier Apartments, Building B, 900 West 6th Street. The addresses listed on the statement of values for the Garnier Apartments is 201 and 202 Garnier in Beardstown, Illinois.

¶ 17     Another example we found in the record illustrates one of defendant's objections. Plaintiff's request to admit fact No. 17 states, "Admit damage caused by or resulting from wind in a Covered Cause of Loss under the terms of any and all insurance contracts between Plaintiff and Defendant which were in effect during the time period from January 1, 2010 to January 1,

2012." Defendant objected to this request to the extent it was vague and ambiguous and called for a legal conclusion. A request to admit that seeks the admission of a conclusion of law is improper, and a failure to respond to such a question does not result in a judicial admission. *Robertson v. Sky Chefs, Inc*., 344 Ill. App. 3d 196, 200, 799 N.E.2d 852, 856 (2003). Although plaintiff claims defendant simply provided "boiler-plate responses," within its own brief, plaintiff provides no references from the record in support of its claim. Plaintiff fails to reference the specific response to which it objects or specify what it believes about the response to be improper.

¶ 18    At the first hearing on the issue in May 2013, the trial court took up plaintiff's motion to deem certain facts admitted during its case management conference. Noting the early stages of discovery and plaintiff's opportunity to renew the motion later, the court denied plaintiff's request, indicating plaintiff could raise it again after discovery had progressed.

¶ 19    From what we can tell from the record, there was no other hearing on this issue until 2016. In August 2016, plaintiff filed a renewed motion to deem certain facts admitted, and in September 2016, the trial court heard arguments on plaintiff's renewed motion. The court inquired if discovery had taken its course to warrant a reconsideration of plaintiff's motion. Plaintiff contended defendant had provided no further information clarifying its responses, a position defendant disputed, contending it had provided appropriate responses to any requests for information. Defendant also indicated plaintiff's requests were not clear and that some required an expert opinion to answer. After hearing arguments from both parties, the court denied plaintiff's motion, finding defendant's responses were not inappropriate. Plaintiff denied any further discovery was needed when asked by the court and reiterated its jury demand.

¶ 20 Plaintiff never sought a ruling from the court on defendant's responses or objections. The trial court had plaintiff's request to admit and defendant's response and memorandum of law. As noted above, defendant provided the court with detailed reasons why it could neither admit nor deny plaintiff's requests. Instead of providing more specific or narrowly tailored requests in response to defendant's objections, or seeking a ruling from the court on the objections or responses plaintiff considered inadequate, plaintiff waited over three years and merely refiled a renewed motion to deem facts admitted. Having provided no references to the record with regard to specific requests and the responses thereto, or legal argument in support of plaintiff's claimed error beyond the general principles of discovery law it provides, we have nothing upon which to judge the trial court's decision as unreasonable. It is plaintiff's burden to provide us with a sufficient record, along with cogent arguments, citing to the record where necessary, to allow us to rule. Having failed to do so, we cannot scour the record on plaintiff's behalf. We are to presume the trial court knows the law and applied it properly to the issues before it. *People v. Phillips*, 392 Ill. App. 3d 243, 265, 911 N.E.2d 462, 483 (2009). We cannot find the trial court abused its discretion in denying plaintiff's motion.

¶ 21 B. Motion to Strike Defendant's Third Amended Affirmative Defenses

¶ 22 Plaintiff also alleges the trial court erred by denying plaintiff's motion to strike defendant's third amended affirmative defenses, and consequently, the defenses were improperly presented to the jury. Plaintiff's argument is twofold: (1) the trial court should have granted plaintiff's motion to strike because the question of whether the affirmative defenses act as a complete bar to recovery presents a legal question for the court, not the jury; and (2) the affirmative defenses did not meet the necessary requirements.

¶ 23　　　　　A trial court has broad discretion in denying a motion to strike and the court's ruling will not be disturbed unless it abused its discretion. *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 422, 430 N.E.2d 976, 983 (1981) (citing *Gagne v. Village of La Grange*, 36 Ill. App. 3d 864, 870, 345 N.E.2d 108, 113 (1976)).

¶ 24　　　　　In April 2017, defendant filed its third amended affirmative defenses. According to the motion, a recently conducted deposition of plaintiff's expert witness disclosed an additional affirmative defense stating the building at issue was not built pursuant to the applicable building code. Defendant's motion outlined not only the seven affirmative defenses it anticipated using at trial, most of which alleged plaintiff's claims fell under policy exclusions for the relevant contract period, but also provided a detailed explanation of why defendant believed each defense would defeat plaintiff's claim and indicated which subsection under the exclusions provision was applicable. In June 2017, plaintiff filed a motion to strike defendant's third amended affirmative defenses. Plaintiff's motion argued defendant's affirmative defenses failed to allege sufficient facts, failed to establish affirmative defenses as a matter of law, and misinterpreted the insurance policy. Plaintiff's motion also argued, in part, defendant provided no evidence to support the facts for some of its affirmative defenses. In July 2017, the trial court denied plaintiff's motion to strike.

¶ 25　　　　　On appeal, plaintiff contends the determination of whether an affirmative defense acts as a complete bar to recovery should have been a decision made by the trial court, as a matter of law. Plaintiff cites no authority to support its argument, relying instead on general assertions and conclusions.

¶ 26　　　　　An appellant's brief must include an "[a]rgument [section], which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the

- 8 -

pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). "The failure to provide proper citations to the record is a violation of Rule 341(h)(7), the consequence of which is the forfeiture of the argument." (Internal quotation marks omitted.) *Enbridge Pipeline (Illinois), LLC v. Hoke*, 2019 IL App (4th) 150544-B, ¶ 43, 123 N.E.3d 1271. Rule 341(h)(7) requires citations to the record because "it is not our duty to search the record for material upon which to base a reversal." *Ticktin*, 84 Ill. App. 3d at 802.

¶ 27        There is no indication in the record plaintiff ever asked for these matters to be ruled on as questions of law for the trial court to decide by way of summary judgment, motion, or otherwise. Plaintiff fails to direct our attention to any portion of the record to support the claim it now makes. Defendant contends plaintiff did not. This is particularly important in light of the fact defendant contends these issues have either been waived or forfeited by plaintiff's failure to raise them before the trial court. As noted above, we do not consider Rule 341(h)(7) a mere formality. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 12, 969 N.E.2d 930. The lack of compliance can hinder a reviewing court's assessment of what transpired in the trial court. In this matter, the record of proceedings exceeds 1300 pages and the common law record and exhibits contain approximately 3500 pages. Plaintiff's failure to cite to the record to support its claims is more than a mere hindrance, as these proceedings lasted approximately seven years and have produced a voluminous record. It is not our duty to search the record to find material to support plaintiff's claims upon which to base a reversal. *Ticktin*, 84 Ill. App. 3d at 802. Accordingly, plaintiff has forfeited the argument. *Hoke*, 2019 IL 150544-B, ¶ 43. From our view, there is no indication in the record plaintiff ever asserted the trial court should decide whether affirmative defenses raised by defendant might act as a complete bar to recovery as a matter of law during the seven years this litigation was pending.

¶ 28 The record reflects plaintiff agreed the affirmative defense language should be submitted to the jury via jury instructions. In fact, while first proposing an alternative to defendant's proposed instruction, it acknowledged there was no substantive difference. The record indicates both parties wanted to present affirmative defenses as part of the jury instructions. During the instruction conference, plaintiff wanted the jury to decide the affirmative defenses as an *issue of fact*.

¶ 29 Defendant references at least four occasions during the litigation where plaintiff requested these matters be decided by the jury. Disregarding plaintiff's failure to comply with Rule 341(h)(7), plaintiff cannot pursue one course of action before the trial court and then claim error for having done so once he appeals. "It is well settled that a party cannot acquiesce to the manner in which the trial court proceeds and later claim on appeal that the trial court's actions constituted error." *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 60, 129 N.E.3d 755. See also *People v. Hughes*, 2015 IL 117242, ¶ 33, 69 N.E.3d 791 ("a party cannot complain of error that it brought about or participated in"). "Active participation in the direction of proceedings *** goes beyond mere waiver." *People v. Villarreal*, 198 Ill. 2d 209, 227, 761 N.E.2d 1175, 1184 (2001).

¶ 30 Plaintiff's acquiescence waived its claim regarding the trial court's obligation to rule on affirmative defense instructions, and we decline to consider it on appeal.

¶ 31 Next, plaintiff argues the trial court erred by denying its motion to strike defendant's third amended affirmative defenses because: (1) defendant's defenses were conclusions of law, (2) defendant failed to establish an affirmative defense as a matter of law, and (3) the defenses contained a misrepresentation of the insurance policy.

¶ 32 "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to

meet." 735 ILCS 5/2-612(b) (West 2010). A pleading is sufficient if it reasonably informs the other party of the nature of the claim or defenses it intends to pursue. *Zeitz v. Village of Glenview*, 227 Ill. App. 3d 891, 894, 592 N.E.2d 384, 387 (1992). The test for determining factual sufficiency of an affirmative defense is equivalent to a motion to dismiss. The facts must be plainly set forth, and the court should disregard "any conclusions of law or fact not supported by allegations of specific fact." *Farmers Automobile Insurance Ass'n v. Neumann*, 2015 IL App (3d) 140026 ¶ 16, 28 N.E.3d 830 (citing *Richco Plastic Co. v. IMS Co.*, 288 Ill. App. 3d 782, 785, 681 N.E.2d 56, 58 (1997)). A motion to strike an affirmative defense takes as well-pleaded all facts constituting the defense along with all reasonable inferences which may be drawn from those facts. *In re Estate of Davis*, 225 Ill. App. 3d 998, 1000, 589 N.E.2d 154, 158 (1992). The only question is the legal sufficiency of the pleading. *Hartmann Realtors v. Biffar*, 2014 IL App (5th) 130543, ¶ 20, 13 N.E.3d 350.

¶ 33        In July 2017, the trial court heard plaintiff's motion to strike. After arguments, the court held the affirmative defenses reasonably informed plaintiff of the nature of the defenses being raised and refused to strike them.

¶ 34        The affirmative defenses raised here properly acknowledged the existence of plaintiff's claim but asserted new matter which defendant contended defeated plaintiff's right of recovery. That is all that was required. See *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 16, 26 N.E.3d 495. Defendant was not required to set forth detailed plans of its defense and extensive evidence outlining its affirmative defenses. *Mancou v. Mancou*, 95 Ill. App. 2d 142, 146, 237 N.E.2d 801, 803 (1968). It was defendant's responsibility to allege facts sufficient to satisfy each element of the claimed defense. The trial court was then invested with the responsibility to determine the sufficiency of the affirmative defenses, disregarding any

- 11 -

conclusions of fact or law that were not supported by the allegations of specific facts. *Hartmann Realtors*, 2014 IL 130543, ¶ 20. More importantly, plaintiff fails to identify in what way each defense was legally deficient, cite to the record, or provide legal authority in support of its position on each defense. Once again, it asks us to scour the record to find a basis to rule in its favor. This we will not, and should not, do. See Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018)

¶ 35        Accordingly, we cannot find the trial court's decision in denying plaintiff's motion to strike was so arbitrary, fanciful or such that no reasonable person would take the view adopted by the trial court. *People v. Hall*, 195 Ill. 2d 1, 20, 743 N.E.2d 126, 138 (2000). We therefore find no abuse of discretion.

¶ 36                              C. Witness Steven Horton

¶ 37        Plaintiff next argues the trial court abused its discretion by allowing defendant to call Steven Horton as an adverse witness, contending defendant's failure to list him as a witness under Illinois Supreme Court Rule 213 (eff. Jan. 1, 2007) prejudiced plaintiff. Horton was disclosed by plaintiff as a potential witness. In response to written interrogatories, plaintiff said it would present Horton to testify to:

> "all matters related to the subject property and Plaintiff's
>
> complaint, including the maintenance of the subject property,
>
> condition of the property at all times, rental income generated by
>
> the subject property, insurance costs and payments, lack of
>
> complaints, condition of the property following storm event, costs
>
> of repairs and cleanup, condition of Building A at all times
>
> relevant. Statements made to witness regarding causation.

Statement made to witness by other AHRMA members regarding concerns about adequacy of reserves of Defendant and reasons for denial."

¶ 38 Plaintiff further disclosed Horton as a witness to testify as follows:

"In addition to the subject matters previously disclosed [as set forth above], Steven R. Horton is expected to testify as to the general market costs of construction for multi-dwelling buildings in the Beardstown and Cass County, Illinois area. Mr. Horton will testify as to the number of construction projects he has been involved in as executive director of Plaintiff, together with the approximate cost per square foot of construction based on market conditions. Steven R. Horton will testify that the cost of demolition and construction will exceed the limits of insurance coverage provided by Defendant."

¶ 39 Horton was deposed three times during pretrial preparation with plaintiff's counsel present and participating each time. He was the representative of plaintiff and the sole witness directly associated with plaintiff.

¶ 40 Under section 2-1102 of the Code of Civil Procedure (Code), a witness may be called as an adverse party and examined as if on cross-examination if the witness is a party to the action or is "any person for whose immediate benefit the action is prosecuted or defended, or the officers, directors, managing agents or foreman of any party to the action." 735 ILCS 5/2-1102 (West 2010). In order to qualify as an adverse party, "the witness must perform some function of authority with the opponent to the side calling that witness." *Arians v. Larkin Bank*, 253 Ill. App.

- 13 -

3d 1037, 1046, 625 N.E.2d 1101, 1107 (1993) (citing *Mazanek v. Rockford Drop Forge Co.*, 98 Ill. App. 3d 956, 962, 424 N.E.2d 1271, 1277 (1981)).

¶ 41    The admission of evidence under Rule 213 is within the trial court's discretion, and the court's decision will not be disturbed absent an abuse of that discretion. *Thornhill v. Midwest Physician Center of Orland Park*, 337 Ill. App. 3d 1034, 1046, 787 N.E.2d 247, 257 (2003).

¶ 42    In order for us to determine whether a trial court abused its discretion in allowing a previously undisclosed witness to testify, we must consider: (1) the surprise to the adverse party, (2) the prejudicial effect of the testimony, (3) the nature of the testimony, (4) the diligence of the adverse party, (5) the timeliness of any objection, and (6) the good faith of the party calling the witness. *Pancoe v. Singh*, 376 Ill. App. 3d 900, 913, 876 N.E.2d 288, 299 (2007). Even if the trial court improperly allows testimony of an adverse witness, a reversal is not warranted unless the opposing party suffers prejudice. *Arians*, 253 Ill. App. 3d at 1046.

¶ 43    By failing to provide proper citations to the record, plaintiff has forfeited its arguments, as "[m]ere contentions, without argument or citation to authority, do not merit consideration on appeal." *Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151 ¶ 12, 969 N.E.2d 930 (citing *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 401 Ill. App. 3d 868, 881, 929 N.E.2d 641, 653 (2010)).

¶ 44    During cross-examination, Horton was confronted with previous discovery responses defendant believed conflicted with his testimony on direct examination. Plaintiff objected, claiming it was beyond the scope of his direct examination. Counsel for the defense noted he would either continue questioning him on cross-examination or recall him as an adverse witness later under section 2-1102 of the Code (735 ILCS 5/2-1102 (West 2010) ("officers,

directors, managing agents or foreman of any party to the action, may be called and examined as if under cross-examination at the instance of any adverse party. The party calling for the examination *** may rebut the testimony *** and may impeach the witness by proof of prior inconsistent statements.")).

¶ 45	It is difficult to imagine how plaintiff could be surprised by the defense calling Horton as an adverse witness. He is the executive director of the Cass County Housing Authority. He was subjected to several rounds of discovery during the lengthy pretrial stage, including responding to multiple interrogatories and participating in three depositions.

¶ 46	Although plaintiff objected to defendant's questioning as being beyond the scope of cross-examination, it fails to identify any place in the record where it indicates what and how any testimony elicited by defendant was actually beyond the scope of direct examination. Further, plaintiff fails to identify in what way it was prejudiced, quote the testimony it contends should not have been permitted, or explain how it managed to catch plaintiff by surprise.

¶ 47	As the appellant, plaintiff bears the burden of providing a sufficient record on appeal in order to support its claims, and in the absence of such record, we must presume the trial court's ruling on the admissibility of the evidence was in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984). Furthermore, any doubt arising from the incompleteness of the record will be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392.

¶ 48	As a result, we cannot say the trial court's decision to allow Horton to be called as an adverse witness was an abuse of discretion.

¶ 49	D. FEMA Motion *in Limine*

- 15 -

¶ 50        In June 2017, plaintiff filed a motion *in limine* seeking to bar defendant from referring to the presence or involvement of FEMA at any earlier time. Specifically, plaintiff sought to bar evidence or reference to FEMA's inspection of the property in 1993, FEMA's identification of any foundational or structural deficiency of the building during its inspections, or any funding FEMA provided to correct any deficiencies. Plaintiff contends defendant's affirmative defenses referenced FEMA, but defendant never produced any evidence relating to FEMA and could not overcome any hearsay objections.

¶ 51        " 'A trial judge has discretion in granting a motion *in limine* and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused.' " *Gallina v. Watson*, 354 Ill. App. 3d 515, 518, 821 N.E.2d 326, 329 (2004) (quoting *Swick v. Liautaud*, 169 Ill. 2d 504, 521, 662 N.E.2d 1238, 1246 (1996)). In determining if a trial court abused its discretion, a reviewing court should determine if the trial court's decision " 'exceeded bounds of reasons and ignored recognized principles of law so that substantial prejudice resulted.' " *Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 595, 572 N.E.2d 1119, 1122 (1991) (quoting *In re Marriage of Aud*, 142 Ill. App. 3d 320, 326, 491 N.E.2d 894, 898 (1986)).

¶ 52        In April 2018, the trial court heard arguments on the motion. During argument, it was disclosed FEMA was mentioned in a report authored at the behest of *plaintiff*, not defendant. The report indicated that, in approximately 1993, after a flood, FEMA inspected the building which was the subject of this litigation along with others, and it recommended cross-bracing support structures be placed at the foundation. One of defendant's affirmative defenses claimed plaintiff did not adequately implement this recommended cross-bracing to help support the foundation of the building, and defendant was thus excluded from providing coverage.

¶ 53        The trial court concluded plaintiff could certainly raise any objections it saw fit at trial regarding references to FEMA and the court would rule on those objections at that time. There is no obligation on the part of a trial court to rule on an *in limine* motion prior to trial. *Compton v. Ubilluz*, 353 Ill. App. 3d 863, 871, 819 N.E.2d 767, 776 (2004). A court is disadvantaged by doing so " 'because it is considered in a vacuum, before the presentation of the full evidence at trial that may justify admission or require exclusion.' " *Davis v. City of Chicago*, 2014 IL App (1st) 122427, ¶ 94, 8 N.E.3d 120 (quoting *Compton*, 353 Ill. App. 3d at 871). At trial, plaintiff's two expert witnesses testified without objection to their reliance on the report referencing FEMA's involvement after the earlier flood and their recommendations for cross-bracing to support the foundation.

¶ 54        The dispute between the experts centered on whether the damage to the foundation arose from the one storm event, as plaintiffs contended, or from progressive structural failure, as defendant's experts opined. Without objection by plaintiff's counsel, defendant's experts discussed the FEMA report and the need and purpose for the cross-bracing they recommended.

¶ 55        There was nothing unreasonable about the trial court denying plaintiff's *in limine* motion. The evidence of which plaintiff complained before trial was presented without objection by plaintiff's counsel. As noted above, plaintiff's failure to cite the record with specific references to testimony it believed inadmissible further hinders this court's ability to conclude otherwise and therefore, we cannot find the court abused its discretion.

¶ 56        Furthermore, as plaintiff did not voice an objection during any of the trial testimony elicited from defendant's experts regarding FEMA's investigation and recommendations, it has failed to preserve this issue on appeal and cannot now claim the trial

court's actions constituted error. See *Zook v. Norfolk & Western Ry. Co.*, 268 Ill. App. 3d 157, 162, 642 N.E.2d 1348, 1352 (1994) ("denial of a motion *in limine* does not preserve an objection to the disputed evidence later introduced at trial. The moving party must contemporaneously object when the evidence is offered or it waives the objection").

¶ 57                    E. Summary Judgment on Lost Rental Income

¶ 58        Plaintiff contends the court erred in granting defendant's motion for summary judgment on the issue of lost rental income, claiming the plain language of the insurance contract provided coverage for this loss. Following the storm in June 2010, plaintiff sought the full amount of rental income allegedly lost due to the storm from April 1, 2011, to the date of trial.

¶ 59        A trial court's ruling on a motion for summary judgment is subject to *de novo* review. *Wolinsky v. Kadison*, 2013 IL App (1st) 111186, ¶ 100, 987 N.E.2d 971. It is proper to grant a motion for summary judgment when the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010).

¶ 60        The question before the court related to the construction of the insurance policy. Insurance policies are subject to the same rules of construction and interpretation as other types of contracts. *Nicor, Inc. v. Associated Electric & Gas Insurance Services, Ltd*, 223 Ill. 2d 407, 416, 860 N.E.2d 280, 285 (2006). The words contained within an insurance policy should be given their plain and ordinary meaning. *Nicor*, 223 Ill. 2d at 416. If the terms of a contract are ambiguous, the interpretation of the meaning is a question of fact. *Farm Credit Bank of St. Louis v. Whitlock*, 144 Ill. 2d 440, 447, 581 N.E.2d 664, 667 (1991).

¶ 61        Defendant's motion included an affidavit from defendant's chief executive officer verifying the insurance policy in place during the times relevant to plaintiff's claim and an affidavit from the designer of defendant's policy coverage forms. Between them, they certified that "[t]there is no coverage for lost rental income in the Coverage Agreement issued to Housing Authority of County of Cass for the period of January 1, 2010 to January 1, 2011." Section 3 of the 2010 coverage agreement stated defendant would not pay for loss or damage caused by or resulting from "Delay, loss of use or loss of market." According to the insurance contract and both affidavits, no coverage for lost rental income was provided under any coverage agreement between defendant and plaintiff before January 1, 2011, and thus no provision for coverage for lost rental income was included in June 2010, when the storm allegedly damaged the building.

¶ 62        The trial court granted defendant's motion for partial summary judgment, finding "there [are] no genuine issues of material fact, and that the policy in effect for 2010, the year in which the damage occurred, provides no coverage for lost income."

¶ 63        We find that based on the pleadings and affidavits before it, the trial court's granting of partial summary judgment was proper. See 735 ILCS 5/2-1005(c) (West 2010).

¶ 64                                III. CONCLUSION

¶ 65        For the reasons stated, we affirm the trial court's judgment.

¶ 66        Affirmed.